AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

_Felix Fernández_
_____
Petitioner

v.

_Warden, Fcc coleman Low_
_____
Respondent
(name of warden or authorized person having custody of petitioner)

2022 OCT -5  AM 11: 17

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Case No. _5:22-cv-440-JLB-PRL_
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.   (a) Your full name: _Felix Fernández_
     (b) Other names you have used:
2.   Place of confinement:
     (a) Name of institution: _Fcc coleman Low_
     (b) Address: _P.O. Box 1031_
          _coleman, FL 33521-1031_
     (c) Your identification number:
3.   Are you currently being held on orders by:
     ☑ Federal authorities       ☐ State authorities       ☐ Other - explain:

4.   Are you currently:

     ☐ A pretrial detainee (waiting for trial on criminal charges)
     ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
     If you are currently serving a sentence, provide:
          (a)  Name and location of court that sentenced you:

          (b)  Docket number of criminal case:
          (c)  Date of sentencing:
     ☐ Being held on an immigration charge
     ☐ Other (explain):

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
     ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
        revocation or calculation of good time credits)

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❑ Pretrial detention

❑ Immigration detention

❑ Detainer

❑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

❑ Disciplinary proceedings

❑ Other *(explain)*:

6.  Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  *Federal Bureau of Prisons*

(b)  Docket number, case number, or opinion number:  *N/A*

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

*The Bureau of Prisons is unlawfully withholding My First Step Act
Time Credits And Their Application*

(d)  Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❑ Yes          ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  If you answered "No," explain why you did not appeal: *Appeal Process is
Inadequate To obtain Felief Sought. See Attached supporting
Memorandum*

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❑ Yes          ☑ No

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:

    (3)  Docket number, case number, or opinion number:

    (4)  Result:

    (5)  Date of result:

    (6)  Issues raised:

(b)  If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes                ☑ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court:

    (2)  Date of filing:

    (3)  Docket number, case number, or opinion number:

    (4)  Result:

    (5)  Date of result:

    (6)  Issues raised:

(b)  If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes                ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❏ Yes                ❏ No

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

> If "Yes," provide:
> (1) Date of filing:
> (2) Case number:
> (3) Result:
> (4) Date of result:
> (5) Issues raised:

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑ No

If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** *The Bureau of Prisons is witholding petitioners First Step Act Time Credits in Violation of The Administrative Procedures Act*

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

*See Continuation Page*

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND TWO:**
*N/A*

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** *N/A*

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

FERNANDEZ-FLAQUER, FELIX  20879104

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    See Attached Suporting Memorondun

### Request for Relief

15. State exactly what you want the court to do:    EnJoin The Bureau of Prisons To Immediatly Award And Apply All First Step Act Time Credits. Transfering The Petitioner To The custody of The US. Dept. of Justice Executive office For, immigration Review, immigration Court, 180 Tedturner Drive Sw, Swite #241, Atlanta GA, 30303 For a Determination hearing.

FERNANDEZ-FLAQUER, FELIX 20879104

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

09/25/2022

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 09/25/2022

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

FERNANDEZ-FLAQUER, FELIX  20879104

GROUND ONE: THE BUREAU OF PRISONS IS WITHOLDING THE PETITIONER'S FIRST STEP ACT TIME CREDITS IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

Supporting Facts:

As a federal agency created by statute, the Bureau of Prisons (BOP) is responsible for fully complying with all applicable statutes and only the actions authorized to it by Congress. With respect to the First Step Act (FSA), the BOP has failed to do so by totally failing to award the Petitioner any and all his time credits due.

The actions the BOP has taken in violation of the FSA against the Petitioner includes:

- Arbitrarily and capriciously determining that Petitioner's credits should not be awarded for completion of recidivism reduction programs (EBRRP) and productive activities (PA);

- exceeding its statutory authority, which Congress has only established is to award and apply FSA time credits for inmate participation in productive activities and recidivism reduction programming.

The BOP has harmed the Petitioner in not awarding him his earned FSA ETC's as it was required to do by statute, and has made agency decisions that have considered factors that Congress did not authorize in its deciding to deprive Petitioner of the time credits he is entitled to. This court should enjoin the BOP to properly apply the FSA ETC's to the Petitioner's sentence and towards enjoin the BOP to properly apply the FSA ETC's to the Petitioner's sentence and towards an expedited deportation hearing, effectively deporting the Petitioner to his home country, immediately. Transferring the Petitioner to the custody of the US Dept. of Justice, Executive Office For Immigration Review, Immigration Court, 180 Ted Turner Dr. SW. Suite 241, Atlanta, GA 30303.

Petitioner provides these additional legal arguments in support of his 28 U.S.C. Section 2241 Motion.

## I. ADMINISTRATIVE EXHAUSTION IS FUTILE

While Section 2241 generally required petitioners to complete the administrative appeal process before proceedings to court, "a court may waive the exhaustion requirement when administrative remedies are effectively unavailable or obviously futile." United States v. Ullings, 2020 U.S. Dist. LEXIS 83104 at *2 (N.D. Ga. 2020). An administrative remedy is unavailable if it cannot capably be used to obtain some relief. Ross v. Blake, 136 S. Ct. 1850, 1850 (2016); see Boz v. United States, 248 F. 3d 1290, 1300 (11th Cir. 2001)("a petitioner need not engage in his administrative remedies where the administrative remedy will not provide some relief commensurate with the claims."). The BOP's administrative remedy process cannot provide relief for Petitioner, because (1) the automated BOP-wide system used to calculate FSA time credits cannot be changed by lower level staff and is a procedural dead-end; and (2) Petitioner is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete the administrative remedy process without extending the length of his incarceration.

With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate FSA time credits. (See Exhibit #1: Sept. 7, 2022, BOP FSA Memorandum). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Petitioner's current time credit result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992).

As the the latter, Petitioner has less than _9_ months remaining in his sentence. He requires extended halfway house of up to a year under the Second Chance Act. Based on the productive activates and recidivism reduction programs Petitioner has participated in, he should have already accrued over a year of earned FSA time credits.

Other district courts have found that the administrative remedy process can easily take 5 months. Tensley v. Outlaw, 2010 U.S. Dist. LEXIS 66738 at *2 (E.D. Ark. 2010). In truth, the volume of prisoners filing administrative remedies because of the BOP's FSA violations will mean this process could take much longer as the BOP is overloaded with administrative appellate proceedings. In the Petitioner's situation, he will not be able to timely seek relief.

The BOP's most recent memo and policy was posted on September 7, 2022, (Exhibit #1). Petitioner could not have engaged in administrative remedies earlier, but even if he did now, he would be unable to complete the futile process of challenging a centralized automated agency-wide process until after he lost the time he needs in pre-release custody. The administrative remedy process is this unable to grant the Petitioner the relief he seeks. See Gallegos-Hernandez v. United States, 688 F. 3d 190, 194 (5th Cir. 2012).

## II BOP HAS VIOLATED THE APA

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. Section 702. The BOP has here deprived Petitioner of his entitled FSA time credits through violation of statute and exceeding its statutory authority. The BOP has violated the Administrative Procedures Act (APA).

At the threshold, the APA specifically contemplated judicial review of agency relevant grounds in tandem with habeas corpus actions. See 5 U.S.C. Section 703; Wright v. Haynes, 410 Fed. Appx.. 262, 264 (11th Cir. 2011). This court is also not prohibited from conducting an APA review of BOP decisions undertaken per 18 U.S.C. Section 229, Subchapter D. See 18 U.S.C. Section 3625 (only restriction APA from agency decisions made per Subchapter C). The APA ground is therefore properly before this court.

The APA requires the court to hold unlawful agency actions, as applicable here, that are arbitrary and capricious or in excess of its statutory authority granted by Congress, See 5 U.S.C. Section 706(2)(A),(C).

## 1. ARBITRATY AND CAPRICIOUS

An agency action is arbitrary and capricious if its decision relied on factors that Congress had not intended it to consider. Miccosukee Tribe of Indians Fla. v. United States, 566 F. 3d 1257, 1264 (11th Cir. 2009). For example, the FSA did not give the

BOP power considers, or could set out to determine if the BOP determined to hold earned time credits. (See Exhibit #1). To the contrary, the law clearly states that the awarding of time credits is entirely predicated on an inmate's eligibility and whether the inmate has participated in evidence based recidivism reduction programs or productive activities. See 18 U.S.C. Section 3632(d)(4)(A), (C). Indeed the law states that the BOP "shall" (as in, must) award these credits. See id. And per the obligations by law, it should do so for the Petitioner immediately.

## 2. THE BOP IS ACTING IN EXCESS OF ITS STATUTORY AUTHORITY

Congress intended for the FSA to quite simply be an incentive based program "for prisoners to participate in and complete evidence based recidivism reduction programs........" 18 U.S.C. Section 3632(d). Further, the law does not give the BOP any power to determine whether it may choose to grant FSA time credits to low and minimum recidivism risk inmates who participate recidivism reduction based programming or productive activities; the BOP simply must. See 18 U.S.C. Section 3632 (d)(4)(A), (C).

The Supreme Court recently reiterated that an agency "must point to clear congressional authorization for the power it claims." West Virginia v. EPA, 597 U.S. ____, ___(slip op. at 19). Congress did not authorize the BOP to develop gat-keeping or dilatory measures to award FSA time credits. The BOP is only authorized to identify the recidivism reduction programs and productive activities with no further distinction, and award and apply all FSA time credits for eligible participating inmates as defined by statute, immediately and on an ongoing basis.

The BOP has instead established hurdles and dilatory practices that it has no power to impose towards prisoners receiving FSA time credits, and as a result has failed to grant Petitioner the FSA time credits he is entitled to.

This court should find that the BOP violation of the APA, and enjoin the BOP to properly apply the law to the Petitioner with the respect to the proper calculation and application of his FSA time credits.

Declaration

I Félix Fernández, Here by state the
Following Under penalty of Perjury.

① The First step Act of 2018 (Pub, L. 115-391,
December 21-2018 132 Stat 5194) is The
governing Law concorning me receivin my FSA
Earned Time Credits.

② The Bureau of Prisons (BOP) on January 2022
codified Their "Procedure" regarding earning and
application of Time credits as authorized by The
First step act of 2018 (FSA) (Federal Register
Vol. 87, No. 12 Wednesday, January 19, 2022,
P. 2705).

This Final codified Document Provided by BOP
only Adresses "The Procedures For earning,
Awarding, Loss, and Resturation of FSA Time
Credits - Id At 2712.

③ I am elegible For The First step Act of 2018
(See 18 U.S, C. 3632 (0).

④ My Projected release date is 06/04/2023.

5. I have earned FSA ETC's From continuous Participation in Evidence Based Recidivism Reduction Programs "EBRRP's" And Productive Activities" PA's Dec. 21-2018 U.S.C 3621(h) 18 US.C. 3621(d)(4).

6. I am entitled to 10 days of FSA ETC's Per Month Since February 27-2020 For a Minimum of 320 Days of FSA ETC's (110 Days of FSA ETC's For 2020, 120 Days of FSA ETC's For 2021, And 90 Days For 2022 ID. AT 2706

7. I am Also Entitled to on additional 5 Days of FSA ETC's Per Month For Maintaining 2 Consecutive Minimum/low Risk of recidivism Assessments For a Total Additional amount of 160 Days of FSA ETC's (55 Additional Days of FSA ETC's For 2020, 60 Days Additional, Days of FSA ETC's For 2021, 50 Days and Additional Days of FSA ETC'S For 2022/october ID. AT 2706.

8. I am Entitled to a Minimum of 480 Days of FSA ETC's being applied To reduce My Sentence at this Time.

(9) My FSA ETC's (480) should have been Applied No Later than January, 15-2022 which was the dead line For inmates To receive their FSA ETC's as Stated in The First step Act of 2018 passed by Congress.

(10) ON September 20-2022 at 3PM the CMC of Coleman low CMC Mullins held a Town hall meeting. Attende by Unit Manager, OBrien and inmates at the TV room Concernin the memo he posted (Exhibit #1) Concerning The First Step AcT oF 2018.

(11) At 3:05 PM CMC Mollins Stated, I have To be here For 30 Minute so I will start by Reaching the memo to Kill Some of that Time.

(12) At 3:10 PM CMC Mollins Stated "iF you have more than 24 Month remaining on your sentence From your Projected release date you will Not be receiving your FSA ETC's.

(13) At 3:11 PM CMC Mollins Stated "iF you have 18 Month or less remaining on your Sentence From your Projected release date. You will Not be receiving your FSA ETC's.

(14)   At 3:12 PM CMC Mullins stated "if you are Not lucky enough To have your Semi Annual Team Meeting with your Unit team within this window of 19 Month to 23 Month remaining on your Sentence From your projected release Day, you will Not be receiving your FSA ETC's.

(15)   At 3:14 PM CMC Mullins stated, this is why it is important to have a good relationship with your Teams because if they do Not like you, I can assure you that you will Not receive your FSA ETC's. My words Matter!

   So if you want to bother me or your Unit Team For your credits, or decide To File Administrative Remedies you will Not get your credits I can assure you of That.

(16)   At 3:16 PM CMC Mullins stated "if you have a half way house date that you received Prior to receiving your FSA ETC's you should Not have any expectation to receive your FSA ETC's because this will involve your Unit team having to do more work and that is Not going to happen.

(17)  At 3:17 Pm Cmc Mullins stated "if you received an incident report, No Matter how Minor, you will Not receive your FSA ETC's.

(18)  At 3:18 Pm Cmc Mullins stated if you ever refused any program or even have been marked down by staff as refusing, even if it was a clerical error for your Entire incarceration EVEN if it was your before The FSA Was passed, or documented at a different institution 10 years Ago. You will Not receive Your FSA ETC's.

(19)  At 3:19 Pm Cmc Mullins stated, if you did Not complete a Survey on the computer even if you were unaware that it was there For you To Take, so its Not our responsibility to let You Know there is a Survey To Take.

(20)  At 3:24 Pm Cmc Mullins stated, every who is eligible For the FSA is earning credits but its up to me and your Unit team who gets Them.

21)    At 3:27 P.M., C.M.C Mullins stated "iF doesnt Matter if you Take EBRA Programs oF Productive Activities or if you decide to Sleep in the bed all day and Night, the BOP Decided every one is Setting the Same 15 days a month if you are eligible and iF you are low or Minimun risk oF recidivism. So there is No real benefit To Programming As long as your UNit Team likes you, you will all get the same amount of Credits Whether you are Taking every program or Not applying your Self at all this goes completely Against th BOP Codified Procedures were They Stated that the FSA, will More Fully encourage and reward Participation activities ID. 2711. This Also contradicts Their memo FSA Time credit Program participation and calculation (Exhibit #2)

22)    At this meetin C.M.C Mullins personally Told me that I would No be Receiving My FSA ETC's because I'm hit because I am From Dominican Republic, Violating the law.

It is clear that CMC Mullins and the BOP have no intention of awarding me my FSA ETC's which I am entitled to. Violating Federal law and my Constitutional Rights.

I declare under penalty of perJury That The Foregoing is the True and Correct. Execute on this 25 days of September 2022.

Félix FERNÁNDEZ

20879-104

Federal Correctional Complex, Coleman FloRida. PO Box - 1031

Coleman FloRida, 33521

Low.

**Inmate Message – Federal Time Credits (FTC)
Auto-Calculation Launches**

Recently, the Bureau has launched the Federal Time Credits (FTCs) auto-calculation application. All eligible inmates will be reviewed regardless of PATTERN risk level release date, and credits will be applied consistent with the final rules language and implementing text.

As a reminder, the unit team will determine an inmate's eligibility to earn FTCs based on the current conviction and prior criminal convictions.

The earning of FTCs is based on "earning status," and NOT participation and/or completion of individual programs. **Inmates who refuse or fail to complete any portion of the needs assessment and/or refuse or decline any program recommended to address as specific identified need area, is considered "opted out" and will not earn FTCs.**

The following items have been incorporated into the calculation of FTCs:

- While inmates can begin earning time credits starting with the enactment of the statute, the "presumed participation" period only extends from December 21, 2018, through January 14, 2020.
- During the "presumed participation" period and through April 28, 2021, the PATTERN risk level calculated on April 28, 2021 (PATTERN auto-calculation start date), will be used to determine the initial risk level and FTC earning rate.
- During the "presumed participation" period, only those days when the inmate was incarcerated outside the facility, housed in the Special Housing Unit, or on refused/declined status for a pre-FSA programming (e.g., FRP, Drug Education, GED, etc.) will be excluded from successful participation and credit will not be earned.
- **From January 15, 2020, forward, all components of the SPARC-13 needs assessment must be complete to be eligible to earn FTCs. Failing to do so is considered "opted out." In other words, if an inmate fails to complete a required survey or declines to enroll in a recommended program which addresses a specific need, the inmate will not be eligible to earn FTCs.**
- In order to earn or apply the higher earning rate of 15 days (for every 30 day period of successful EBRR or PA recommended), inmates need a PATTERN level of minimum or low risk or have dropped to a minimum or low risk level and maintained it for two consecutive assessment periods.

- FTCs are applied first toward release dates and then toward RRC/HC placement.
- Inmates must be otherwise eligible to participate in RRC/HC placement to apply FTCs to early release.  While inmates continue to earn FTCs, inmates can only apply the FTCs if they have no detainers, unresolved pending charges, and/or unresolved immigration status issues.
- **Eligible inmates will continue to earn FTCs toward early release until they have accumulated 365 days OR are 18 months from their release date, <u>whichever happens first</u>. At this point, the release date becomes fixed, and all additional FTCs are applied toward RRC/HC placement.**
- FTCs will be updated monthly, and an FSA Time Credits Assessment worksheet will be maintained in the central files.  The most current copy will be provided during the regularly schedule Program Review team meeting.
- FTCs earned toward RRC/HC placement will be applied in addition to release needs-based recommendations made under the Second Chance Act.
- FTCs may be applied toward early release in addition to the early release benefit for RDAP graduates; however, inmates are still required to complete the required 120-day RRC/HC placement.  Dropping out of RDAP may result in the loss of both the RDAP early release benefit and early release due to FTCs if it is determined the inmate is "opting out" despite having an identified need.

*Exhibit #2  Page-1*

# First Step Act (FSA) FAQs

## FSA TIME CREDIT PROGRAM PARTICIPATION AND CALCULATIONS

### What does it mean to successfully participate in programs?

To be eligible, you are considered to be "successfully participating" in recommended programming or activities as long as the following situations do not occur: placement in SHU, designation status outside the institution (e.g., extended medical placement at a hospital, escorted trip, furlough), temporarily transferred to the custody of another federal or non-federal agency (e.g., writ), placed on a mental health/psychiatric hold, or choose to "opt out."

### What does it mean to "opt out" of a program?

If you "opt out" of a program, you are choosing not to participate in recommended programming. While opting out will not, by itself, be considered a disciplinary violation, violations of specific requirements or rules of a particular recommended program or activity may be considered a disciplinary violation. If you are eligible for FTC and "opt out," you will not earn FTC until the date the you decide to "opt in" (choose to participate in recommended programming again).

### What programs count for FSA Time Credits?

All approved FSA Programs for FTC are listed in the FSA Programs Guide. A copy of the guide is posted on TRULINCS. The programs listed in the guide are the only structured, curriculum-based programs that qualify for FTC. Unit Team may also recommend unstructured activities such as fitness, maintaining family connections, or engaging in community service, which are also eligible for FTC.

### Are FSA programs mandatory to complete? Is there a difference between choosing to "opt out" of a program versus refusing a program?

Some mandatory programs, such as Drug Education and GED, now count as FSA programs. Refusing participation in mandatory programs results in consequences, such as pay limits, commissary limits, or "poor" responsibility on custody classification. You will not earn FTC if you refuse a mandatory program. Other FSA programs are recommended, not mandatory, but you will fail to earn FTC if you decline to participate.

### How much FSA Time Credit can I earn under the new rule?

After you have completed your risk and needs assessments, if you do not have a disqualifying offense or disqualifying prior conviction, you may begin to earn FTC as long as you successfully participate in recommended programming or activities. For every 30-day period, if your PATTERN risk assessment level is Medium or High, you will earn 10 days of FTC. If your PATTERN risk level is Low or Minimum for two consecutive risk and needs assessments, you may earn an additional five days of FTC for a total of 15 days per 30-day period.

*Exhibit #2 Page -2*

## FSA TIME CREDITS PROGRAM

**Can I earn FSA Time Credits if I am not U.S. citizens?**
Yes. If you are not a U.S. citizen, you may earn FTC. However, if you are subject to a final order of removal under U.S. immigration laws you cannot have FTC applied toward early transfer to community confinement or supervised release.

The final rule on FTC indicates the following:

**§ 523.44 Application of FSA Time Credits.**
(a) How Time Credits may be applied. For any inmate eligible to earn FSA Time Credits under this subpart who is: ...
(2) Subject to a final order of removal under immigration laws as defined in 8 U.S.C. 1101(a)(17) (see 18 U.S.C. 3632(d)(4)(E)), the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.

**Can I lose FSA Time Credits?**
Yes. You may lose earned FTC for violation of the requirements or rules of an EBRR program or PA or for other misconduct. You may seek the review of the loss of earned FTC through the BOP's Administrative Remedy Program. Also, you may apply for restoration of FTC after a period of clear conduct.

**If I am on a wait list, can I still earn FSA Time Credits?**
FSA Program Wait Lists track your efforts to enroll in assigned programs; therefore, you are still considered to be "successfully participating" and may earn FTC while waiting to participate.

**If I am (1) in BOP custody AND (2) sentenced to a term of imprisonment under the Criminal Code of the District of Columbia, am I eligible to participate in the FSA Time Credits Program?**
Currently, D.C. Code offenders are not allowed to have FTC applied to early transfer to community confinement or supervised release. This may change if the laws of the District of Columbia are amended to authorize the application of such credit.